IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

## JASON RAY TAYLOR v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henry County**
**No. 13613     Julian P. Guinn, Judge**

───────────────

**No. W2004-02064-CCA-R3-PC  - Filed June 28, 2005**

───────────────

The Defendant, Jason Ray Taylor, pled guilty to aggravated burglary, burglary, two counts of vandalism and three counts of forgery. He subsequently filed for post-conviction relief alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied relief; this appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Jim L. Fields, Paris, Tennessee, for the appellant, Jason Ray Taylor.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record before the Court in this appeal is sparse. The Defendant's amended petition for post-conviction relief indicates that, on May 19, 2003, the Defendant pled guilty to "Agg. Burg., Theft of prop. (1,000 - 10,000), Forgery (up to $1,000), Burglary - other than habitation, Vandalism (1,000 - 10,000), forgery (up to 1,000), Forgery (up to 1,000)." The trial court determined that, although the "convictions complained of are less than clear because of an absence of identifying docket numbers in the pleadings," the court's research indicated that "[j]udgments were entered on July 14, 2003, [following guilty pleas on May 19, 2003,] memorializing the following convictions: aggravated burglary under docket number 13493; burglary under docket number 13494; and, two (2) counts of vandalism and three (3) counts of forgery under indictment number 13495." The record contains a transcript of a guilty plea that the Defendant entered on May 14, 2002; it does not, however, contain a transcript of the plea to the charges under timely attack in the post-conviction

petition.[1]  Accordingly, we do not have before us the State's recital of facts supporting the instant guilty pleas.

The basis for the Defendant's petition for post-conviction relief was ineffective assistance of counsel in conjunction with his pre-trial preparation and subsequent guilty pleas.  At the evidentiary hearing, the only witness called was the Defendant's trial lawyer ("Counsel").  Counsel testified that he met with the Defendant several times, discussed the cases, and spoke with a number of the State's witnesses as well as the prosecuting attorney.  He was familiar with the evidence the State intended to produce against the Defendant.  The Defendant had not made any incriminating statements.  The State offered a plea agreement.  When Counsel presented the plea bargain to the Defendant, the Defendant stated that he wanted to take it.  Counsel saw no reason to file motions seeking to sever offenses or suppress evidence.  When asked if he had seen "any reasonable possibility of maintaining a defense in this case?" Counsel replied, "No, sir."  Counsel further stated that there was "no problem" with the Defendant's plea submission.  The Defendant never indicated to him that he wanted to go to trial.

The trial court took the matter under advisement and subsequently entered a comprehensive order disposing of the Defendant's claims and allegations.  The trial court found that the Defendant had not adduced sufficient proof to support his allegations and concluded that "there is nothing in the record that even remotely suggests an abridgement of any right guaranteed the [Defendant] by the constitutions of the United States of America or the State of Tennessee."  We agree.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing.  See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999).  Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts.  See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997).  The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings.  See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel.  See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the

---

[1]The record does contain a transcript of the Defendant's guilty plea to other charges made on May 14, 2002. According to the trial court's findings entered in this post-conviction proceeding, judgments on these earlier convictions were entered on June 19, 2002.  The Defendant's post-conviction petition was filed on December 18, 2003, and is therefore not timely with respect to these prior convictions.  See Tenn. Code Ann. § 40-30-102(a).

range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

The Defendant's sole argument contained in his appellate brief is as follows:

In the instant case where Counsel for Defendant failed to interview potential or actual witnesses, failed to file routine pretrial motions to suppress any pretrial statement of Defendant in possible violation of Miranda v. Arizona, or file motion

to sever the several offenses, not only was Counsel's performance defective, it probably affected the outcome.

This "argument" is not supported by proof in the record. The Defendant has simply failed to demonstrate that Counsel was either deficient in his performance, or that the Defendant suffered any prejudice as a result of any alleged deficiency. Furthermore, there is no proof in the record that, but for Counsel's "errors," the Defendant would not have pleaded guilty and would have instead gone to trial. The Defendant's allegations are without merit and the trial court committed no error in dismissing the Defendant's petition for post-conviction relief.

We affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE